UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES,<br><br>                     Plaintiff,<br><br>v.<br><br>FLOURSHINGS PLUS, INC. DBA THE TOM CAT BAR AND GRILL; JACK IN THE BOX, INC.; and DOES 1-10,<br><br>                     Defendants. | Case No.: 19cv261 JM (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Defendant Flourshings Plus, Inc., doing business as The Tom Cat Bar and Grill ("Defendant") moves to dismiss Plaintiff Jaime Reyes' state law claims. (Doc. No. 5.) Plaintiff opposes. (Doc. No. 8.) For the reasons discussed below, the court grants Defendant's motion to dismiss.

## BACKGROUND

On February 5, 2019, Plaintiff filed this disability discrimination case. Plaintiff asserts claims for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; the Unruh Act, California Civil Code § 51, et seq.; and the Disabled Persons Act ("DPA"), California Civil Code § 54, et seq. He also asserts state law claims for negligence and negligence per se. Plaintiff alleges that he is a qualified individual with

a disability under the ADA, Unruh Act, and DPA as he requires a wheelchair for mobility. (Doc. No. 1.) Plaintiff alleges that he was denied full and equal access to Defendant's[1] restaurant, the Tom Cat Bar & Grill. (Id.) Specifically, Plaintiff alleges that the bar counter height, bathroom entrance width, bathroom grab bar, toilet height, sink pipe insulation, and paper towel and seat cover dispenser heights do not comply with ADA requirements. (Id.) Defendant moves the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. No. 5-1.)

## LEGAL STANDARDS

28 U.S.C. § 1367 allows a federal court to exercise supplemental jurisdiction over state law claims when it has original jurisdiction over claims arising from the same case or controversy. "Supplemental jurisdiction is mandatory unless prohibited by § 1367(b), or unless one of the exceptions in § 1367(c) applies." Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1028 (S.D. Cal. 2017). A district court may decline supplemental jurisdiction over a state law claim under § 1367(c) if:

(1) the claim raises a novel or complex issue of state law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). While the presence of any of the conditions in § 1367(c) triggers the court's discretion to decline supplemental jurisdiction, it is informed by considering "the values of economy, convenience, fairness, and comity." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

---

[1] Plaintiff names Jack in the Box, Inc. as a defendant in this matter but the complaint contains no factual allegations relating to this entity. Neither party addresses this discrepancy in their moving papers.

A court may decline supplemental jurisdiction under the first three provisions of § 1367(c) without explanation. San Pedro Hotel Co. v. City of Los Angeles, 159 F.3d 470, 478 (9th Cir. 1998). If a court declines jurisdiction under the fourth provision, it must articulate why the case presents exceptional circumstances. Id. (citing Exec. Software N. Am., Inc. v. U.S. Dist. Ct., 24 F.3d 1545, 1557 (9th Cir. 1994)).

## DISCUSSION

Defendant moves the court to decline to exercise supplemental jurisdiction over Plaintiff's state law claims under the second and fourth provisions of § 1367(c).[2]

### A. Plaintiff's State Law Claims Substantially Predominate

Defendant argues that Plaintiff's state law claims substantially predominate over his ADA claim. See § 1367(c)(2). The court agrees.

First, the proof and issues raised by Plaintiff's ADA and state law claims differ. A plaintiff may recover under the Unruh Act by showing either intentional discrimination or a violation of the ADA, but an ADA plaintiff need not demonstrate intentional discrimination. See Cal. Civ. Code § 51(f); Cohen v. City of Culver City, 577 F. App'x 745, 746 (9th Cir. 2014); Lentini v. California Ctr. for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004); Munson v. Del Taco, Inc., 46 Cal. 4th 661, 664-66 (2009). Here, Plaintiff asserts one federal claim and four state law claims. Plaintiff alleges that Defendant's violations of the Unruh Act were "willfully, [sic] deliberate and reckless in nature." (Compl. ¶ 24.) In addition, Plaintiff alleges that Defendant acted with negligence. (Id. ¶ 34.) By alleging intentional and negligent conduct, Plaintiff raises issues that are irrelevant to his ADA claim.

Second, Plaintiff primarily seeks relief unavailable under the ADA. Under the ADA, a plaintiff may only seek injunctive relief and is not entitled to damages. Wander v. Kaus,

---

[2] The parties filed several untimely documents without the court's consent. (See Doc. Nos. 12, 13, 14, 15, 17.) The court does not consider these filings in its order as they violate the Civil Local Rules, see Civ. L.R. 7.1.e, and do not contribute to the court's analysis of Defendant's motion to dismiss.

304 F.3d 856, 858 (9th Cir. 2002). The Unruh Act, however, allows a plaintiff to seek damages and attorneys' fees. Cal. Civ. Code § 52.[3] Likewise, damages and attorneys' fees are recoverable under the DPA. Kaus, 304 F.3d at 858; Cal. Civ. Code § 54.3. Plaintiff seeks injunctive relief, statutory damages, punitive and exemplary damages, attorneys' fees, and treble damages under the Unruh Act and DPA. Plaintiff alleges at least seven construction-related violations.[4] If proven, these violations would entitle Plaintiff to a minimum of $28,000 in statutory damages under the Unruh Act. See Cal. Civ. Code § 52(a) (The Unruh Act provides that a defendant is "liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)."). Further, Plaintiff seeks an award of punitive damages for every incident of willful discrimination under the Unruh Act, DPA, and California common law. (Doc. No. 1 at 11.) The monetary damages Plaintiff seeks under the Unruh Act, DPA, and California common law substantially predominate over his request for injunctive relief under the ADA. See Armstrong v. Nan, Inc., 679 F. App'x 582 (9th Cir. 2017) (affirming district court's decision not to exercise supplemental jurisdiction over state law claims in ADEA case "because of the divergence of elements and remedies available under federal versus Hawaii state law"). See also Cuddeback, 262 F. Supp. 3d at 1030 (finding that monetary damages of $36,000 sought by plaintiff under the Unruh Act substantially predominate over federal injunctive relief); Org. for

---

[3] Any violation of the ADA is also a violation of the Unruh Act. Munson, 46 Cal. 4th at 671. However, a plaintiff may obtain damages and other relief under the Unruh Act that is unavailable under the ADA. See id.

[4] Plaintiff alleges the following violations: (1) counter is too high for a person in a wheelchair to access, (2) bathroom door entrance is too narrow, (3) grab bars behind and on the side of the toilet are at an improper height, (4) seat covers are not "accessible to disabled persons," (5) pipes under the sink are not covered, (6) paper towel dispenser is too high for a disabled person to reach, (7) the bathroom door lock is not a lever type and requires twisting of the wrist. (Doc. No. 1 at 5-7, 17-18.)

Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120, at 1131 (S.D. Cal. 2005) (holding that potential statutory damage award of $56,000 under Unruh Act substantially predominated over injunctive relief under the ADA); Rutherford v. Ara Lebanese Grill, No. 18cv1497 AJB (WVG), 2019 WL 1057919, at *4 (S.D. Cal. Mar. 6, 2019) (holding that potential statutory damage award of over $32,000 under Unruh Act substantially predominated over injunctive relief under the ADA); Schutza v. Lamden, 2018 WL 4385377, at *4 (S.D. Cal. 2018) ("Considering proof of the presently alleged violations would entitle him to a minimum of $ 12,000—a minimum of $ 4,000 for each offense, plaintiff's allegations indicate his predominant focus is uncovering as many possible violations as possible and recovery of money damages under the Unruh Act.").

Furthermore, Plaintiff's prior litigation of lawsuits in this district further supports the conclusion that he primarily seeks monetary rather than injunctive relief. Most often, Mr. Reyes' settles and/or voluntarily dismisses his cases with prejudice before or shortly after an answer is filed.[5] In addition, Michael A. Taibi represented Mr. Reyes in each of his cases. In Reyes v. A & J Gaslamp LLC et al., the court found that Mr. Taibi shared this pattern of settlement and voluntary dismissal prior to or shortly after an answer was filed. Reyes v. A&J Gaslamp LLC, No. 18cv2695 CAB (NLS), 2018 WL 6326374, at *1 (S.D. Cal. Dec. 4, 2018).

---

[5] Mr. Reyes filed eleven cases in this district in the last year. In five of these cases, Mr. Reyes dismissed the case with prejudice after settlement and/or before any substantive orders were issued on the merits of his case. See Reyes v. Marwaha, et al., 18cv477 L (BLM); Reyes v. Webhurst, LLC, et al., 18cv569 BAS (LL); Reyes v. Brian's 24/7 Corp., et al., 18cv1815 WQH (BLM); Reyes v. Miazada, et al., 18cv2441 AJB (NLS); Reyes v. Chang, et al., 18cv2684 LAB (LL). In one case, Mr. Reyes voluntarily dismissed his case after the court declined to exercise supplemental jurisdiction over his state law claims because they substantially predominated over his ADA claim. See Reyes v. Snoozetown, LLC, et al., 18cv498 H (JLB). In another case, Mr. Reyes voluntarily dismissed his case after the court denied his *in forma pauperis* application and noted that Mr. Reyes' cases primarily settle and/or are voluntarily dismissed with prejudice before or shortly after an answer is filed. See Reyes v. A & J Gaslamp LLC et al., 18cv2695 CAB (NLS). Mr. Reyes' remaining cases are still in the early stages of litigation.

The court recognizes that other courts have found in different cases that a plaintiff's state law claims do not substantially predominate over his or her federal ADA claim. See Johnson v. Morning Star Merced, LLC, No. 1:18-CV-0558 AWI EPG, 2018 WL 4444961, at *1 (E.D. Cal. Sept. 14, 2018) (collecting cases). Under the circumstances present here, and for the reasons stated above, the court finds that Plaintiff's state law claims substantially predominate over his ADA claim.

**B. Compelling Reasons for Declining Jurisdiction**

Defendant argues that exceptional circumstances also warrant dismissal of Plaintiff's state law claims. The court agrees as the compelling interests of comity and the discouragement of forum shopping represent exceptional circumstances in this case. See § 1367(c)(4).

The important interest of comity supports declining jurisdiction. In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act. See Cal. Civ. P. Code § 425.504; SB 1186, Chapter 383 § 24 (Cal. 2012). Courts in this district have held that these pleading requirements do not apply in federal court. See Oliver v. In-N-Out Burgers, 286 F.R.D. 475, 477 (S.D. Cal. 2012). Mr. Reyes filed eleven disability discrimination cases in this court over the past year, and an online search of cases filed by "Jaime Reyes" in San Diego County Superior Court reveals over one hundred additional cases filed over the past five years. Accordingly, the need for California's procedural protections appears particularly acute in this case. See Banks v. Socal Sushi Concepts, LLC, No. 19cv280 CAB (KSC), 2019 WL 1574317, at *2 (S.D. Cal. Apr. 11, 2019) (finding the need for these procedural protections "particularly acute" when plaintiff filed a dozen cases in this district and scores more in state court). "Therefore, as a matter of comity, and in deference to California's substantial interest in discouraging unverified disability discrimination claims, the Court declines supplemental jurisdiction over Plaintiff's Unruh Act claim." Cuddeback, 262 F. Supp. 3d at 1031.

In addition, "federal courts may properly take measures to discourage forum shopping." Rutherford v. Econolodge, No. 18cv1471 LAB (JMA), 2019 WL 950329, at *3 (S.D. Cal. Feb. 27, 2019) (citing Hanna v. Plumer, 380 U.S. 460, 467-68 (1965)). As noted above, Plaintiff has filed scores of cases in state court and recently filed numerous cases in this district. Declining supplemental jurisdiction in this case prevents Plaintiff from filing in this court to circumvent the procedural protections present in state court. See Lamden, 2018 WL 4385377, at *5 (finding it improper to allow plaintiff to use the federal court as an end-around to California's pleading requirements).

## CONCLUSION

Defendant's motion to dismiss is granted. Plaintiff's state law claims for violation of the Unruh Act, violation of the DPA, negligence per se, and negligence are dismissed without prejudice to filing in state court. Plaintiff shall file an amended complaint within ten (10) calendar days of entry of this order.

IT IS SO ORDERED.

DATED: May 1, 2019

JEFFREY T. MILLER
United States District Judge