UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME REYES,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FLOURSHINGS PLUS, INC., dba THE TOM CAT BAR AND GRILL; and DOES 1-10,<br><br>　　　　　　　　　　Defendants. | Case No.: 19cv261 JM (WVG)<br><br>**ORDER ON DEFENDANT'S MOTIONS FOR SANCTIONS** |

Defendant Flourshings Plus, Inc. moves the court for monetary and terminating sanctions. (Doc. Nos. 29, 31.) Plaintiff Jaime Reyes opposes. (Doc. No. 36.) For the reasons discussed below, the court denies Defendant's motions for sanctions.

**BACKGROUND**

Plaintiff filed this disability discrimination case on February 5, 2019, asserting five claims: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.; (2) violation of the Unruh Act, California Civil Code § 51, et seq.; (3) violation of the Disabled Persons Act ("DPA"), California Civil Code § 54, et seq.; (4) negligence; and (5) negligence per se. (Doc. No. 1.) Plaintiff alleged he was denied full and equal access

to Defendant's[1] restaurant, the Tom Cat Bar & Grill (the "Tom Cat"). (Id.) Specifically, Plaintiff alleges the bar counter height, bathroom entrance width, bathroom grab bar, toilet height, sink pipe insulation, and paper towel and seat cover dispenser heights do not comply with ADA requirements. (Id.) On March 7, 2019, Defendant requested the court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. No. 5.) In its motion, Defendant argued Plaintiff was a high-frequency litigant who filed in federal court in attempt to circumvent California procedural requirements. (Doc. No. 5-1 at 10-16.) On May 2, 2019, the court granted Defendant's motion to dismiss Plaintiff's state law claims, finding that these claims predominated over Plaintiff's ADA claim and that compelling reasons supported the court's declination of supplemental jurisdiction. (Doc. No. 19.) The court dismissed Plaintiff's state law claims without prejudice to filing in state court and directed Plaintiff to file an amended complaint. (Id.) On May 8, 2019, Plaintiff filed a First Amended Complaint ("FAC") containing only his ADA claim. (Doc. No. 21.) On May 16, 2019, Plaintiff filed a complaint in state court asserting the state law claims this court dismissed without prejudice. (Doc. No. 36 at 10.)[2] On May 21, 2019, Defendant filed an answer to the FAC in this case. (Doc. No. 23.) Plaintiff served Defendant with the state law complaint on June 14, 2019. (Doc. No. 36 at 10.) On June 19, 2019, Defendant moved this court for monetary sanctions, (Doc. No. 29), and on June 21, 2019, Defendant moved for terminating sanctions (Doc. No. 31).

## LEGAL STANDARDS

28 U.S.C. § 1927 allows a court to order an attorney personally pay "the excess costs, expenses, and attorney's fees reasonably incurred" when the attorney "multiplies the

---

[1] Defendant Jack in the Box, Inc. was dismissed on July 8, 2019. (Doc. No. 34.)

[2] The court takes judicial notice of Plaintiff's state law complaint as it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. See Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

proceedings in any case unreasonably and vexatiously." Sanctions under this section "require a bad faith showing." West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1526 (9th Cir. 1990).

**DISCUSSION**

**A. Monetary Sanctions**

Defendant seeks monetary sanctions against Plaintiff's counsel. (Doc. No. 29.) Plaintiff filed his opposition to Defendant's motions for sanctions two days late. (Doc. No. 36.) This opposition also fails to oppose Defendant's request for monetary sanctions. (Id.) Despite these failures, in the interest of deciding motions on the merits, the court considers whether sanctions are appropriate.

First, Defendant attacks Plaintiff's assertion of state law claims in this case (and 6 other cases) after another court in this district declined to exercise supplemental jurisdiction over Plaintiff's state law claims in Reyes v. Snoozetown, LLC, No. 18cv498 H (JLB), 2018 WL 3438753, at *1 (S.D. Cal. July 16, 2018) ("Snoozetown"). In Snoozetown, the Honorable Marilyn L. Huff declined to exercise supplemental jurisdiction over Reyes' negligence and negligence per se state law claims against Defendant Snoozetown, LLC because they substantially predominated over his ADA claim. Id. at *3. Judge Huff found Reyes' negligence claims were "of a very different scope and nature than his ADA claim and also provide more expansive remedies than Plaintiff's ADA claim," as damages are not recoverable under the ADA but are an essential element of a negligence claim. Id. Defendant argues that this decision precludes Plaintiff from filing state law claims in this court. Defendant argues "[t]he 'identical issues' concerning Supplemental Jurisdiction of state claims were at issue" in Snoozetown, (Doc. No. 29-1 at 5) (emphasis and brackets omitted), and after this decision, "Plaintiff filed an additional seven essentially identical

lawsuits." (Id. at 3.)³

"Issue preclusion bars parties from relitigating an issue if the same issue was adjudicated in prior litigation." Sec. & Exch. Comm'n v. Stein, 906 F.3d 823, 828 (9th Cir. 2018). "The party asserting issue preclusion must demonstrate: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.'" Howard v. City of Coos Bay, 871 F.3d 1032, 1041 (9th Cir. 2017) (quoting Oyeniran v. Holder, 672 F.3d 800, 806 (9th Cir. 2012)). The Ninth Circuit "typically look[s] to four factors (sometimes referred to as the Restatement factors) to determine whether two issues are 'identical' for purposes of issue preclusion:

(1) Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first?

(2) Does the new evidence or argument involve the application of the same rule of law as that involved in the prior proceeding?

(3) Could pretrial preparation and discovery related to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second?

(4) How closely related are the claims involved in the two proceedings?

Stein, 906 F.3d at 828-29 (citing Howard, 871 F.3d at 1041). "Nonetheless, these factors are not applied mechanistically." Howard, 871 F.3d at 1041.

Snoozetown did not preclude Plaintiff from filing state law claims in this case as the identical issue was not previously litigated. "Asserting the same cause of action in two separate suits does not mean the underlying claims, which are based on different facts, are

---

³ In its motion, Defendant applies California issue preclusion principles. Federal issue preclusion rules apply here as Snoozetown was a federal case. Taylor v. Sturgell, 553 U.S. 880, 891 (2008).

4

inherently identical." Id. at 1042. Although the same rule of law is applied, the remaining factors do not support Defendant's argument as the underlying facts in each case are wholly unrelated. In Snoozetown, Plaintiff filed suit against a restaurant, Snoozetown LLC, not connected to Defendant or the Tom Cat. Plaintiff necessarily alleged he encountered different architectural barriers in this restaurant than the barriers he encountered at the Tom Cat. As a result, the evidence, arguments, and pretrial preparation necessary in this case are distinct from those necessary in Snoozetown.

Furthermore, the same issue was not actually litigated and determined. In Snoozetown, the court focused on the availability of damages in Plaintiff's negligence claims to find Plaintiff's state law claims substantially predominated over his ADA claim. Snoozetown, 2018 WL 3438753 at *3. The operative Snoozetown complaint did not assert Unruh Act or DPA claims. Id. at *1. In this case, the court found Plaintiff's state claims substantially predominated after considering the evidence necessary to prove Plaintiff's Unruh Act claims, the availability of damages under the Unruh Act and DPA, and Plaintiff's prior litigation in this district. (Doc. No. 19 at 3-6.) This court also found the important interests of comity and discouraging forum shopping compelling reasons to decline jurisdiction. (Id. at 6-7.) The issue of whether the court should exercise its discretion to decline supplemental jurisdiction is too case-specific an inquiry to have been "actually litigated and determined," even in a very similar case. Accordingly, sanctions are not merited as Plaintiff was not precluded from asserting state law claims in this action.

Second, Defendant argues Plaintiff had a duty to disclose the "directly adverse authority" of Snoozetown. (Doc. No. 29-1 at 6.) California Rule of Professional Conduct 3.3 prohibits a lawyer from failing to disclose "legal authority in the controlling jurisdiction known[ ] to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." Cal. R. Prof'l Conduct 3.3.(a). "[L]awyers *should* reveal cases and statutes of the controlling jurisdiction that the court needs to be aware of in order to intelligently rule on the matter" as "[i]t is good ethics *and* good tactics to identify the adverse authorities, even though not directly adverse, and then argue why they are

5

distinguishable or unsound." Batt v. City & Cty. of San Francisco, 155 Cal. App. 4th 65, 82 (2007), disapproved of on other grounds by McWilliams v. City of Long Beach, 56 Cal. 4th 613 (2013) (emphasis in original) (citation omitted). Here, Mr. Taibi represented Plaintiff in Snoozetown and could have been more forthcoming with the court. However, while Snoozetown is relevant and persuasive, it is not controlling authority this court is bound to follow. Accordingly, the court declines to sanction Mr. Taibi on this basis.

Lastly, Defendant argues that a number of "aggravating factors" warrant sanctions. (Doc. No. 29-1 at 7.) Defendant argues another court in this district recently found Plaintiff's representations not credible and raised questions about Mr. Taibi's filing of *in forma pauperis* applications in other cases. Although Mr. Taibi's conduct in other cases raises concerns, § 1927 does not provide this court with authority to sanction Plaintiff's counsel for conduct in other cases. "[Section] 1927 limits a federal court's ability to sanction an attorney for conduct before another court," GRiD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir. 1994), as it authorizes sanctions only when the attorney "multiplies the proceedings *in any case* unreasonably and vexatiously." 28 U.S.C. § 1927 (emphasis added). Next, Defendant argues ADA consultant William Carter and a group of plaintiffs' attorneys "appear to coordinate with each other in a manner that goes beyond legitimate professional cooperation." (Doc. No. 29-1 at 9.) The court declines to sanction Mr. Taibi for coordinating with a third party in this and other unnamed cases, particularly when Defendant fails to cite any law, rule, or other standard violated by this alleged conduct. Lastly, Defendant argues sanctions are merited for Plaintiff's filing of his state law complaint. This argument also forms the basis of Defendant's motion for terminating sanctions and is addressed below.

**B. Plaintiff's State Law Action**

Defendant seeks § 1927 sanctions against Mr. Taibi, terminating sanctions, and/or a stay of this action because Plaintiff filed his state law claims in state court after this court declined to exercise supplemental jurisdiction over them. Defendant argues the "FAC in this case is vexatious and reactive to the Court Order declining supplemental jurisdiction

of [Plaintiff's] state law claims," (Doc. No. 31-1 at 3) (relying on Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 17 n.20 (1983)), and that maintaining both actions "unnecessarily compounded the expenses and drain on court and party resources," (Doc. No. 29-1 at 8) (relying on 28 U.S.C. § 1927). Plaintiff's state court complaint is not a "vexatious" litigation tactic warranting a stay or sanctionable conduct. *Defendant* specifically requested the court dismiss Plaintiff's state law claims without prejudice. The court granted Defendant's request, retained jurisdiction over Plaintiff's ADA claim, and instructed Plaintiff to file an amended complaint in this case. (Doc. No. 19 at 7.) The order did not restrict Plaintiff from filing his state law claims in state court. In fact, the court specifically dismissed Plaintiff's state law claims "without prejudice to filing in state court." (Id.) Accordingly, Defendant's request for sanctions and/or a stay is denied.

## CONCLUSION

Defendant's motions for sanctions (Doc. Nos. 29, 31) are denied. The parties are ordered to contact Judge Gallo's chambers prior to close of business on ***August 2, 2019*** to schedule Early Neutral Evaluation and Case Management Conferences.

IT IS SO ORDERED.

DATED: July 31, 2019

JEFFREY T. MILLER
United States District Judge